[No. 8990. Department Two. November 15, 1910.]

J. C. ZONIG, *Appellant,* v. OSCEOLA BOEHME, *Executrix etc., Respondent.*[1]

EXECUTORS AND ADMINISTRATORS—CLAIMS—PAYMENT—EVIDENCE—SUFFICIENCY. In an action to establish a claim against the estate of a deceased partner, there is sufficient evidence of payment of an account stated between the partners, where, on statement of the account, the deceased agreed to leave a check for the amount with an attorney, there was evidence that the parties shortly after met and discussed or passed a check, and the widow of the deceased testified that the plaintiff called on the deceased a few days later claiming he had not been paid sufficient money, when they went over their books again and agreed that the previous settlement was correct; especially in view of a delay of two years and failure to commence suit during the lifetime of the deceased.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 2, 1910, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action upon an account stated. Affirmed.

*Marion A. Butler,* for appellant.

*Jay C. Allen,* for respondent.

RUDKIN, C. J.—Between the 1st day of September, 1901, and the 4th day of January, 1904, the plaintiff, Zonig, and one Dennis Adolph Boehme, since deceased, were copartners under the firm name and style of D. A. Boehme, and were engaged in business as importers, packers, and dealers in leaf tobacco, and manufacturers of cigars, in the city of Se-

[1]Reported in 111 Pac. 566.

attle.   On the last named date, the two partners had a full
accounting of the partnership business, and the sum of
$1,386.50 was found due from Boehme to the plaintiff.
Upon the statement of their account, Boehme promised to
leave a check for this balance with a Mr. Wray, who had
acted as attorney for the parties during the previous year,
on the following morning.    Two weeks or a month there-
after Boehme and wife left the state and did not return until
the month of April, 1906.    After their return they lived at
O'Brien, in King county, until the death of the husband in
February, 1908.    After his death, the above claim was pre-
sented to the executrix of his estate, and was disallowed.  The
present action was thereupon instituted to establish the
amount of the claim against the estate.    Trial was had be-
fore the court without a jury, and from a judgment in favor
of the defendant, the plaintiff has appealed.

The sole issue in the case was that of payment, as we think
the original indebtedness was clearly established.   One of the
parties to the transaction is dead, and on grounds of public
policy, the statute has sealed the lips of the other, so that the
testimony on the issue of payment is unsatisfactory.   The
parties were compelled to resort to testimony more or less
circumstantial in its nature to establish their respective
claims, but from the testimony adduced we think the court
was warranted in resolving the issue of payment in favor of
the respondent.   While it satisfactorily appears that the
check was not left with Mr. Wray as agreed upon, the only
reason assigned for making payment in that way was because
of the fact that the appellant was about to leave the city, and
if, as a matter of fact, the parties met in person at a later
date, the fact that the check was not left with Mr. Wray is
of little moment.   There was competent evidence tending
to show that the parties did so meet.   One of the witnesses
for the appellant testified that he saw the parties together at
or about this time, and heard some conversation in relation
to a check, if, indeed, he did not see a check pass from the one

to the other.    The wife of the deceased testified that the appellant called at their home in the city of Seattle several days after the check was to be delivered to Mr. Wray, and stated to her husband that he had not been paid sufficient money. The parties again went over their books and agreed that the previous settlement was correct in every particular.    When we consider these facts and the long delay in the prosecution of the claim, which was by no means excusable, we think the findings of the court below are justified by the evidence, and its judgment is accordingly affirmed.

DUNBAR, CROW, MORRIS, and CHADWICK, JJ., concur.